J-S52034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD ALLEN RATUSHNY | : | |
| | : | |
| Appellant | : | No. 566 EDA 2020 |

Appeal from the PCRA Order Entered January 10, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0001847-2008

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED DECEMBER 14, 2020**

Appellant Richard Allen Ratushny appeals the order of the Court of Common Pleas of Northampton County denying his petition pursuant to the Post-Conviction Relief Act (PCRA)[1] as untimely filed.  We affirm.

On March 13, 2009, a jury convicted Appellant of aggravated indecent assault, indecent assault, and related charges in connection with his repeated sexual abuse of his girlfriend's minor daughter over a two-year period.  On September 18, 2009, the trial court sentenced Appellant to an aggregate term of six to seventeen years' imprisonment.  Appellant filed a post-sentence motion which was subsequently denied.  On April 6, 2011, this Court affirmed the judgment of sentence.  ***See Commonwealth v. Ratushny***, 17 A.3d 1269

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

(Pa.Super. 2011). Appellant did not file a Petition for Allowance of Appeal in the Supreme Court.

On April 9, 2012, Appellant filed his first PCRA petition. After an evidentiary hearing, the PCRA court denied the petition on December 27, 2012. This Court affirmed the PCRA court's order on January 28, 2014 and the Supreme Court denied Appellant's petition for allowance of appeal on November 25, 2014. *See Commonwealth v. Ratushny*, 96 A.3d 1040 (Pa.Super. 2014), *appeal denied*, 104 A.3d 3 (Pa. 2014).

On March 4, 2014, Appellant filed a petition for writ of *habeas* corpus in federal court. On April 19, 2019, the United States District Court for the Eastern District of Pennsylvania dismissed Appellant's petition. On June 25, 2018, the Third Circuit Court of Appeals affirmed the dismissal of the *habeas* petition. *See Ratushny v. Superintendent Huntingdon SCI*, 739 Fed.Appx. 104 (3rd Cir. 2018).

On November 25, 2019, Appellant filed the instant *pro se* PCRA petition. On December 4, 2019, the PCRA court filed notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not respond to the Rule 907 notice and on January 10, 2020, the PCRA court dismissed Appellant's petition. Appellant filed a timely appeal and complied with the PCRA court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises two issues for our review on appeal:

1. Did the Commonwealth violate due process of law when it failed to disclose to [Appellant] and counsel that the star witness for the Commonwealth was previously convicted of welfare fraud, a crimen falsi offense; **Brady v. Maryland**, 373 U.S. 83 (1983)?

2. Did the Hon. Judge Roscioli error and abuse the court's discretion in denying the PCRA petition which contended a **Brady** violation did take place?

Appellant's Brief, at 2.

Before reaching the merits of this appeal, we must first determine whether Appellant's petition was timely filed. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted).

Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply

retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In this case, this Court affirmed the judgment of sentence on April 6, 2011 and Appellant did not seek discretionary review in the Supreme Court. Thus, Appellant's judgment of sentence became final on May 6, 2011, when the time period for filing a petition for allowance of appeal in the Supreme Court expired. *See* Pa.R.A.P. 1113 (providing that a petition for allowance of appeal must be filed with the Supreme Court within 30 days of this entry of this Court's order).

As a result, Appellant had until Monday, May 7, 2012 to file a timely PCRA petition. Appellant's petition filed over seven years later, on November 25, 2019, is facially untimely.

Appellant argues that the newly-discovered facts exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii) applies as he alleges that "immediately upon being made aware of this crimen falsi conviction of the prosecution's 'star' witness the petitioner filed this PCRA petition with the court, and according to Pa. PCRA requirement set forth in 42 Pa.C.S.A. § 9545(b)(2) (60 days), and 42 Pa.C.S.A. § 9545(b)(1)(ii)." Appellant's Brief, at 3.

Subsection 9545(b)(1)(ii) of the PCRA provides an exception to the PCRA's one-year time bar for the filing of petitions for relief if the petition pleads and proves that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise

- 4 -

of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii); **Commonwealth v. Peterson**, 648 Pa. 313, 315, 192 A.3d 1123, 1124 (2018).

However, the record refutes Appellant's claim that he only discovered the alleged **Brady** violation sixty days before he filed the instant PCRA petition. Appellant litigated this claim in his first PCRA petition filed in 2012 and in the federal *habeas corpus* action. As this issue was known to Appellant in 2012, he has not satisfied the newly discovered facts exception to the PCRA's timeliness requirement. Moreover, this issue cannot be reviewed in the instant PCRA petition as it was previously litigated in the prior proceedings. 42 Pa.C.S.A. §§ 9543(a)(3), 9544(a)(3).

Our courts have emphasized that a petitioner must specifically plead and prove that one of the PCRA timeliness exceptions applies to the untimely petition in order to avoid the PCRA time bar. **Commonwealth v. Beasley**, 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999). Accordingly, as Appellant has not plead or proved that one of the PCRA timeliness exceptions applies to his petition, we conclude that the PCRA court did not err in dismissing his petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/14/20